REBECCA LEE *vs.* THE MARYLAND TELEPHONE
AND TELEGRAPH CO., AND THE HARFORD
COUNTY TELEPHONE CO.

*Insufficient Evidence to Show That Defendants Owned a Wire Which
Injured Plaintiff.*

While plaintiff was crossing a street her foot was caught in a loose wire
lying concealed in the grass but attached at one end to a pole and she
was thrown to the ground and injured.   In an action against two tele-
phone companies to recover damages, *held*, that the plaintiff's evi-
dence failed to show that either of the defendants owned the wire in
question, or had control over it at the time of the accident or had orig-
inally strung it, and that consequently the case was properly withdrawn
from the jury.

Appeal from the Circuit Court for Harford County (WAT-
TERS, J.)

The cause was argued before McSherry, C J., Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*Stevenson A. Williams* and *Harry S. Carver, Jr.*, for the appellant.

*Thomas H. Robinson* and *Walter W. Preston*, for the appellee.

Schmucker, J., delivered the opinion of the Court.

The appellant sued the appellees in the Circuit Court for Harford County for damages for injuries sustained by her through falling over a loose wire lying on a public street in the town of Belair. At the conclusion of the plaintiff's evidence the Court granted a prayer offered by the defendant taking the case from the jury for want of any evidence legally sufficient to establish the defendant's liability for the plaintiff's injury. The only issue presented by this appeal is that of the propriety of the Court's action in granting the prayer.

There is evidence in the record tending to prove that the plaintiff in the latter part of April, 1902, when starting to cross Broadway in Belair with the use of due care caught her foot in a wire, lying concealed in the grass but attached at one end to a pole, and that she was thereby thrown to the ground and injured. The question in the case is whether there is any evidence that would warrant a jury in finding that the defendant corporations or either of them owned the wire or had such control over it at the time of the accident as to be responsible for negligence in the management or care of it.

It is conceded that neither of the defendants owned the pole to which the wire was attached or had any poles at or near the locality of the accident. The pole was in fact shown by the evidence to be one of a system of electric light poles in which the defendants had no interest. It was sought to hold them liable for negligence in permitting the wire to lie on the ground along the public road, upon the theory that they were the assignees or successors in title of the persons

who originally strung the wire, for the purpose of a former telephone connection, on the electric light poles with the consent of the owners of those poles.

In the attempt to support that theory the plaintiff introduced evidence tending to show that four persons as co-partners started the telephonc service in Belair in 1894; that in March, 1895, they admitted two or three other persons into the firm and that in September the firm became incorporated under the name of the Harford County Telephone Company. It was also testified that it was understood between the parties to this incorporation that the company became the owner of the electrical equipment and wires which had been owned by the individuals who composed it but there was no formal or written transfer of the property from the individuals to the company.    There was also evidence tending to show that the lines of the Harford County Telephone Company were operated by the Maryland Telephone Company at the time of the accident.

The plaintiff also offered evidence tending to prove that in 1894, while the telephone enterprise in Belair was still in the hands of its four originators a pair of wires were strung by them out Broadway passing by the place of the plaintiff's accident, on the electric light poles in order to serve a telephone in Dr. Richardson's residence and that those wires remained on the light poles after the telephone had been removed. She further offered evidence tending to prove that in February, 1902, several months prior to the accident, a naked wire such as is used for telephone service fell down off the light poles on to the ground on Broadway at or near the place of the accident, and that several persons had shortly prior to the accident encountered a loose wire of that kind lying there by the roadside.

John H. Reckford, who was interested in the firm owning the light poles on Broadway and had been one of the promoters of and for five years a director in the Harford County Telephone Company, testified for the plaintiff that he knew from correspondence and conversations with Mr. Brown, who

was an officer of both of the defendant corporations. That the telephone wires in question belonged to the Harford County Telephone Company, but he did not state what the correspondence and conversation were by which he arrived at that conclusion. He also testified that he had called the attention of the managers of the Telephone Company to the presence of the loose wires on Broadway and that the latter promised to remove them but did not do so. This witness admitted on cross-examination that he did not know of his own knowledge who had put these wires on the light poles or whether Dr. Richardson ever had a telephone in his house or that the Telephone Company had while he was one of its directors ever put any telephones on Broadway, so it is apparent that his belief as to the ownership of the wire in question rested upon hearsay.

Walter Finney, who was also one of the promoters of the Harford County Telephone Company and its first manager and was connected with it for some time testified for the plaintiff that he never heard of the telephone wires on Broadway until sometime after the company had taken hold of the telephone enterprise and further testified that the company had never exercised any acts of ownership over those wires or had anything to do with them.

The plaintiff's evidence, of which we have stated the material portions, is in our judgment not legally sufficient to affect the defendants or either of them with liability for the accident because it does not tend to prove that they owned or were in control of the wire which caused it at the time of its occurrence. The witness Reckford did state that from correspondence and conversations with their officers he was satisfied that the appellees owned the wire, but this was merely an expression of his own opinion as he did not say what statements those officers made in their correspondence and conversations so that the jury could determine whether they amounted to admissions of ownership of the wire. The legal incompetency of such evidence as that to prove its ownership is apparent. There is evidence in the record tending to prove

that a wire similar to the one which caused the accident had been strung along Broadway on the electric light poles some years ago by the individuals who originated the telephone enterprise in Belair and used for a brief period to serve a telephone, and that it had been permitted to hang on the poles after it was no longer in use, but this evidence does not tend to prove its ownership by either of the appellees.   Any presumption of ownership that might arise from the testimony that it was the understanding and purpose of the incorporators of The Harford County Telephone Co., that the company when formed was to have the plant and wires theretofore owned by them is negatived by the latter part of the same testimony which shows that this wire at least never was actually transferred to the company or taken into its possession or used by it.   If it was the intention of the incorporators to transfer their wires and plant to the company in payment for its capital stock there is a total absence of evidence of a compliance by them with the method of procedure which the law declares to be essential to the effectual accomplishment of that purpose.

We think the learned Judge below properly refused to send the case to the jury and we will affirm his action in so doing.

*Judgment affirmed with costs.*

(Decided July 2nd, 1903.)